222 So.2d 329 (1969)
I. H. RUBENSTEIN & SON, INC., Plaintiff-Appellant,
v.
The SPERRY & HUTCHINSON COMPANY, Defendant-Appellee.
No. 7630.
Court of Appeal of Louisiana, First Circuit.
April 14, 1969.
Rehearing Denied May 26, 1969.
*330 Victor A. Sachse, of Breazeale, Sachse & Wilson, John Denson Smith, Baton Rouge, for plaintiff-appellant.
E. Drew McKinnis, of McGehee & McKinnis, Baton Rouge, for defendant-appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
MARCUS, Judge.
This is a suit for a declaratory judgment in which plaintiff I. H. Rubenstein & Son, Inc., claims that by an instrument dated March 22, 1968, defendant The Sperry & Hutchinson Company agreed with plaintiff in complete detail on all terms and conditions for the sale to plaintiff of the Rosenfield's House of Fashion Division of The Sperry & Hutchinson Company which is located in the City of Baton Rouge. It was further alleged in plaintiff's petition that the closing of the sale was formally to take place on March 30, 1968 and that plaintiff proceeded in good faith to complete the details called for in the instrument on March 22, 1968. Plaintiff further alleged that on March 26, 1968, they were orally notified by officers of The Sperry & Hutchinson Company that the company would not comply with its agreement of March 22, 1968. It was finally alleged by plaintiff that demand was made upon defendant to complete the transaction but defendant had refused to do so, taking the position that there was no contract between the parties. Accordingly, plaintiff filed suit praying for judgment declaring the instrument dated March 22, 1968 to be a binding sales agreement between The Sperry & Hutchinson Company and plaintiff.
Defendant filed an exception of vagueness which was maintained by the court below and pursuant to an order of said court plaintiff amended its petition.
Defendant then filed an exception of no cause of action to plaintiff's petition as amended. The thrust of defendant's exception was that the instrument dated March 22, 1968 was not a contract between the parties but was simply a "letter of intent" and that both parties had denominated it as such and had agreed that it was not to be binding.
The matter was argued in the court below on the exception of no cause of action; whereupon, the court sustained the exception and dismissed plaintiff's suit. From this adverse judgment plaintiff has appealed.
We concur in the ruling of the lower court and conclude that the instrument dated March 22, 1968 was not a binding contract upon the parties. A mere reading of the final paragraph of said instrument makes this conclusion self-evident:
"11. It is expressly understood that this is a Letter of Intent and that no liability or obligation of any nature whatsoever is intended to be created between the parties hereto. This letter is not intended to constitute a binding agreement to consummate the transaction out-lined herein, nor an agreement to enter into a final agreement. The parties propose to proceed promptly and in good faith to prepare a final agreement providing for the transaction contemplated herein. In the event that such final agreement is not executed, neither party shall have any obligation to the other for expenses or otherwise."
It is difficult for the Court to see how the instrument could have been drawn to make it any clearer that the parties did not intend to be bound. While the instrument thoroughly detailed the proposed terms and conditions, it is distinguished *331 from a binding contract by one simple featurethe above recited provision which clearly provides that it is not to be binding on either party. Such a provision is clearly valid under the Civil Code (See Articles 1813, 1814, 1815).
While we appreciate the ingenious argument of able counsel for the plaintiff, his conclusions are not apposite here. It will suffice to say that the instrument speaks for itself. As previously mentioned, the language is plain, clear and unequivocal that the parties did not intend to be bound.
Defendant further excepted to plaintiff's use of declaratory judgment procedure but in view of the court's findings above it is unnecessary for us to pass upon this point.
For the foregoing reasons, we affirm the judgment of the lower court at appellant's costs.
Affirmed.